**Abdulnaser Ahmad AL–SWIETY,
Petitioner,**

v.

**Michael B. MUKASEY,[1] United States
Attorney General, Respondent.**

No. 05–5871–ag.

United States Court of Appeals,
Second Circuit.

Jan. 17, 2008.

Thomas V. Massucci, New York, New York, for Petitioner.

Michael J. Garcia, United States Attorney; Jeanette A. Vargas, Sarah S. Normand, Assistant United States Attorneys, Of Counsel, Southern District of New York, New York, New York, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. CHESTER J. STRAUB, Hon. DEBRA ANN LIVINGSTON,[2] Circuit Judges.

### SUMMARY ORDER

Abdulnaser Ahmad Al–Swiety, a citizen of Jordan, seeks review of an October 4, 2005 order of the BIA affirming the May 27, 2003 decision of Immigration Judge ("IJ") Philip J. Montante, which found him removable for violating section 212(a)(6)(E)(i) of the Immigration and Nationality Act ("INA"). *In re Abdulnaser Ahmad Al–Swiety,* No. A71 989 420 (B.I.A. Oct. 4, 2005), *aff'g* No. A71 989 420 (Immig. Ct. Buffalo May 27, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

**2.** Judge Livingston, originally a member of the panel, recused herself from the case. Because the remaining members of the panel are in agreement, we decided this case in accordance with Section 0.14(b) of the Rules of the United States Court of Appeals for the Second Circuit.

Al–Swiety has explicitly abandoned any challenge to the agency's denial of his application for asylum, withholding of removal, and relief under CAT and confines his appeal to the IJ's finding that he is removable under INA § 212(a)(6)(E)(i), 8 U.S.C § 1182(a)(6)(E)(i).

When the decision of an IJ is affirmed without opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007), and we will uphold the agency's finding that an alien is removable, unless "any rational trier of fact would be compelled to conclude that the proof did not rise to the level of clear and convincing evidence." *Francis v. Gonzales,* 442 F.3d 131, 138–39 (2d Cir. 2006).

Substantial evidence supports the finding that Al–Swiety is removable, under INA § 212(a)(6)(E)(i), as an alien who "knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or try to enter the United States in violation of law. . . ." Al–Swiety argues that the government failed to prove by clear and convincing evidence: (1) that he acted knowingly; and (2) that he performed an affirmative act assisting the attempted illegal entry.[3]

As to knowledge, Al–Swiety contends that there was no documentary evidence,

and that immigration inspectors failed to take a statement from him or document any questioning of him that evidenced knowledge on his part. However, the IJ cited reports completed by inspectors at the border, in which it was noted that Al–Swiety maintained throughout the inspection that the passenger of his car (his brother) was a permanent resident of the United States. These reports were supported by the testimony of the immigration inspectors who issued them. Additionally, as the IJ found, Al–Swiety (who speaks English perfectly) falsely informed immigration officials that his brother was his cousin, and that his brother was a permanent resident. Al–Swiety was present when his brother falsely stated that he was a permanent resident of the United States. *See Chambers v. Office of Chief Counsel,* 494 F.3d 274, 278 (2d Cir.2007) (ruling that statements upon attempting to enter the United States indicating that an alien lives in the United States "could reasonably be construed as an attempt . . . to convince officials that [the alien] then resided in the United States lawfully"). Contrary to Al–Swiety's contention, there is ample record evidence that he knew that his brother was attempting to enter the United States unlawfully by presenting himself as a permanent resident.

As further support, the IJ found as "strong evidence" the fact Al–Swiety's passport, which was purportedly stolen, turned up in his brother's possession two weeks later.

This and other evidence support the inference that Al–Swiety knowingly provided his passport to his brother for his attempted entry.

---

**3.** In its brief to this Court, the government assumes, *arguendo,* that the burden of proof rested on the government despite its argu-

ment below that Al–Swiety, who is a permanent resident, bore the burden as an applicant for admission under INA § 101(a)(13)(C)(iii).

Moreover, the IJ reasonably found Al–Swiety's testimony not credible, relying on Al–Swiety's possession of different forms of identification containing inconsistent identifying information (for which he could provide no explanation); Al–Swiety's procurement of two forms of Ohio identification containing different names, social security numbers, and dates of birth; and Al–Swiety's false testimony under oath. The IJ's adverse credibility finding is supported by substantial evidence.

As to the insufficiency of evidence to demonstrate that Al–Swiety assisted his brother's attempt to enter the United States unlawfully, Al–Swiety relies on *Altamirano v. Gonzales,* 427 F.3d 586 (9th Cir.2005) and *Tapucu v. Gonzales,* 399 F.3d 736 (6th Cir.2005), "in which divided panels of the Sixth and Ninth Circuits . . . held that the anti-smuggling statute requires an affirmative act of assistance or encouragement." *Chambers,* 494 F.3d at 279 (citing *Altamirano,* 427 F.3d at 596 and *Tapucu,* 399 F.3d at 737). We have "yet to set forth anything approaching a bright-line test as to the nature of the actions that will or will not suffice to support a finding that an alien has 'encouraged, induced, assisted, abetted, or aided' another in illegally entering the United States." *Id.* (quoting 8 U.S.C. 1182(a)(6)(E)(i)). However, it is unnecessary to do so in this case, as Al–Swiety "did not present agents at the border with accurate information, as did the petitioner in *Tapucu,* and [s]he was not merely present in the vehicle . . . like the petitioner in *Altamirano.*" *Id.* (internal quotation marks omitted).

It is sufficient in this case that Al–Swiety told immigration officials that his brother was a permanent resident of the United States, and thereby "actively sought to mislead customs officials about [his brother's] residency status in a way that, if believed, would have made it easier for him to enter the United States." The IJ did not err in finding sufficient evidence to conclude that Al–Swiety affirmatively assisted his brother's attempted unlawful entry. *Chambers,* 494 F.3d at 279.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Petitioner's pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).